UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HARRY CROSSLAND, JR.,

        Plaintiff,

v.                                      Case No. 3:23-cv-430-BJD-JBT

HUMANA MEDICAL CORP.,
et al.,

        Defendants.
_____

## **ORDER**

Plaintiff, a convicted state inmate serving his sentence at the Clay County Jail, initiated this action *pro se* by filing a complaint for the violation of civil rights (Doc. 1; Compl.) with exhibits (Doc. 1-1). Plaintiff has since filed a notice (Doc. 3), a motion for appointment of counsel (Doc. 4), and a motion to subpoena records (Doc. 5). Plaintiff has not paid the filing fee or moved to proceed as a pauper, though in his motion for appointment of counsel (Doc. 4), he says he "has requested … leave to proceed *in forma pauperis*." Accordingly, the Court infers that Plaintiff wishes to proceed as a pauper under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915.

In his complaint, Plaintiff lists three Defendants or groups of Defendants: Humana Medical Corporation; "Clay County State Att[orney],

Medical Staff, Prosecutor, Doctor, Nurses"; and MCDTH Partners LLC, which Plaintiff identifies as a Realty corporation. *See* Compl. at 2-3. He contends a home medical biller for Humana, which is owned by MCDTH Partners, "shot"[1] him at a property owned by MCDTH, causing injuries. *Id.* at 4. He contends he received "slim to no medication or proper . . . care from hospital" and Clay County was "bias[ed] in [its] investigation." *Id.* In his request for relief, Plaintiff says he is suing Clay County State Attorney's Office for a "lack of sufficient evidence leading to arrest, millisceous [sic] prosecution," and other perceived wrongs. *Id.* at 5.

The PLRA requires a district court to dismiss a complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts apply the same standard. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

---

[1] It is unclear whether Plaintiff is claiming to have been shot by a firearm. He later says the healthcare worker "attempted to kill [him] [by] striking him in the leg." *See* Compl. at 5.

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." *See id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. 42 U.S.C. § 1983. Plaintiff names entities that are not considered state actors under § 1983. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks omitted)). Plaintiff

3

alleges no facts permitting the reasonable inference the private entities he names as Defendants have a "close nexus" with the State. *See id.* at 52. As such, even accepting as true that a private healthcare company employee injured Plaintiff at her home or office, Plaintiff fails to state a plausible claim under § 1983.

To the extent Plaintiff is seeking to pursue a claim for malicious prosecution against the State Attorney's Office or a specific prosecutor or a claim for inadequate medical care against jail medical providers, his allegations are conclusory, amounting to no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *See Iqbal*, 556 U.S. at 678. *See also Hesed-El v. McCord*, 829 F. App'x 469, 472 (11th Cir. 2020)[2] (affirming the district court's dismissal of a false arrest claim because the plaintiff's "conclusory assertion that [the deputy clerk for the warrants office] acted without probable cause [was] devoid of any facts giving rise to a 'plausible suggestion' of . . . false arrest"); *Tani v. Shelby Cnty., Ala.*, 511 F. App'x 854, 857 (11th Cir. 2013) (affirming dismissal of a complaint that alleged, as labels and conclusions, violations of various constitutional rights with no supporting facts to "explain what actions caused which violations").

---

[2] Unpublished decisions are not binding. *See McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1061 (11th Cir. 2022). Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law.

Moreover, a claim against the State Attorney's Office essentially is a claim against the State and would be subject to Eleventh Amendment immunity. *See Rich v. City of Jacksonville*, No. 3:09-cv-454-J-34MCR, 2010 WL 4403095, at *4 (M.D. Fla. Mar. 31, 2010) ("Because the State Attorney is considered an "arm of the state," and therefore, not a "person" under the statute, [the State Attorney] can not be held liable for damages under § 1983."). And a prosecutor enjoys absolute immunity for actions taken in the scope of his or her "role as an advocate for the state." *Kassa v. Fulton Cnty., Ga.*, 40 F. 4th 1289, 1293 (11th Cir. 2022).

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of June 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c: Harry Crossland, Jr.